UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Cynthia McDermott

    v.                                          Civil No. 13-cv-188-LM
                                                Opinion No. 2014 DNH 224

Town of Salem

## O R D E R

Cynthia McDermott has sued her former employer, the Town of Salem, New Hampshire ("the Town"), in three counts, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Specifically, she seeks to recover for: sex discrimination in the form of disparate treatment, sex discrimination in the form of a hostile work environment, and retaliation. Before the court is the Town's motion for partial summary judgment. McDermott objects. For the reasons that follow, the Town's motion is granted.

### Summary Judgment Standard

"Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Ponte v. Steelcase Inc., 741 F.3d 310, 319 (1st Cir. 2014) (quoting Cortés-Rivera v. Dept. of Corr., 626 F.3d 21, 26 (1st Cir. 2010)); see also Fed. R. Civ. P. 56(a). When ruling on a motion for summary judgment, the court must "view[] the entire record 'in the light most

hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor.'" Winslow v. Aroostook Cnty., 736 F.3d 23, 29 (1st Cir. 2013) (quoting Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000)).

### Background

The facts that follow are undisputed. McDermott was employed by the Town's Department of Public Works ("DPW"). On several occasions, her supervisor sent her pornography. She reported him to the Town, which eventually discharged him. In her complaint, McDermott alleges that while she was employed by the DPW, she was subjected to disparate treatment due to her gender and retaliation. On what turned out to be her last day of work for the Town, she and a male co-worker were assigned to replace catch-basin grates. While loading replacement grates onto a truck at a DPW facility, she and her co-worker did not have access to a backhoe. As a result, they loaded the grates by hand. While doing so, McDermott injured her back, and has not returned to her job. She has received, and continues to receive, workers' compensation for her back injury.

### Discussion

In its motion for summary judgment, the Town argues that McDermott is not entitled to compensation for her back injury in

this lawsuit because: (1) she cannot demonstrate that her back injury resulted from sex discrimination or retaliation; and (2) recovery for losses resulting from her back injury are precluded by the so-called workers' compensation bar.  The Town's second argument carries the day.

Under the New Hampshire Workers' Compensation Law, "[a]n employee of an employer subject to [that statute] shall be conclusively presumed to have accepted [its] provisions . . . and . . . to have waived all rights of action whether at common law or by statute . . . [a]gainst the employer."  N.H. Rev. Stat. Ann. ("RSA") § 281-A:8, I(a).  In other words:

> An employee is entitled to compensation under the Workers' Compensation Law for "accidental injury or death arising out of and in the course of employment," RSA 281-A:2, XI, but may not bring a separate tort [or statutory] action against her employer.  Indeed, the Workers' Compensation Law expressly provides that an employee subject to that chapter waives the right to bring such a separate action in exchange for the acceptance of benefits.  RSA 281-A:8, I(a).

Karch v. BayBank FSB, 147 N.H. 525, 530 (2002).  By accepting workers' compensation benefits for her back injury, McDermott has waived her right to bring a Title VII claim based upon that same injury.

To support her argument that she is entitled to recover economic losses resulting from her back injury, such as lost income, loss of retirement, healthcare, and other benefits,

3

McDermott relies on Judge DiClerico's order in Gilbert v. Essex Group, Inc., 930 F. Supp. 683 (D.N.H. 1993). Her reliance on Gilbert is misplaced.

In Gilbert, one of the plaintiffs was discharged from his employment and asserted various tort claims arising out of his discharge. There is no indication in Judge DiClerico's opinion that the plaintiff in Gilbert ever applied for or received workers' compensation benefits for his employer's allegedly tortious conduct. Judge DiClerico ultimately ruled that "[t]he plaintiffs' [tort] claims for economic injuries such as the lost income, loss of retirement, healthcare and other benefits allegedly suffered as a result of Richard Gilbert's termination are not barred by RSA § 281-A:8." Gilbert, 930 F. Supp. at 689. Here, of course, McDermott is not seeking to recover for economic injuries resulting from the termination of her employment; she is seeking to recover for her back injury.[1] More importantly, Judge DiClerico never had the occasion to address the question at issue here, which is whether a person collecting

---

[1] And, as for economic losses, the Workers' Compensation Law expressly provides compensation for lost wages resulting from a covered personal injury. See RSA 281-A:28 (temporary total disability); RSA 281-A:28-a (permanent total disability); RSA 281-A:31 (temporary partial disability); RSA 281-A:31-a (permanent partial disability). So, application of the workers' compensation bar does not prevent McDermott from recovering economic losses; it merely limits her recovery to the economic damages prescribed in the Workers' Compensation Law.

workers' compensation benefits for a workplace injury could sue for additional compensation for that same injury.  Accordingly, Gilbert is inapposite and does not support McDermott's objection to summary judgment.

In sum, McDermott's acceptance of workers' compensation benefits for her back injury bars her from seeking additional compensation for that same injury by characterizing that injury, in this Title VII action, as having been caused by gender discrimination or retaliation.  As the New Hampshire Supreme Court has explained, under the workers' compensation scheme, an "employee surrenders some of [her] damages claims in exchange for a quick, easily obtained partial compensation." Estabrook v. Wetmore, 129 N.H. 520, 525 (1987) (citation omitted). McDermott has reaped the benefit of being awarded compensation without having to prove fault.  See Alonzi v. Ne. Generation Servs. Co., 156 N.H. 656, 664 (2008) (explaining that "[t]he primary focus [of workers' compensation] was, and is, to address the employee's loss of earning power regardless of legal fault").  Having received compensation without the burden of having to prove fault, McDermott cannot now assert a cause of action seeking damages in addition to the compensation she is currently receiving under RSA 281-A.

5

**Conclusion**

For the reasons detailed above, the Town's motion for summary judgment, document no. 22, is granted, with the result that McDermott may not pursue a Title VII claim based upon the back injury she suffered on her last day of work for the Town.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

October 23, 2014

cc: Brian J.S. Cullen, Esq.
    Thomas J. Gleason, Esq.